**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-17-385 |
| | § | |
| GWENDOLYN BERRY | § | |

## ORDER

Pending before the court is Michael and Gwendolyn Berry's motion to reconsider the court's order denying the Berrys' motions to quash the writ of garnishment and request for findings. Dkts. 137, 142.[1] Having considered the motion, response, and applicable law, the court is of the opinion that the motion to reconsider should be DENIED and the request for findings should be GRANTED IN PART and DENIED IN PART.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Berrys have neither clearly established a manifest error of law or fact nor presented newly discovered evidence. The Berrys repeat the same arguments raised when the court first considered the Berrys' objections to the writ of garnishment. Thus, the Berrys fails to raise a manifest error of law or fact that would warrant Rule 59(e) relief.

In addition to their motion to reconsider, the Berrys filed a request for additional findings. First, Mr. Berry requests findings as to fact and law in relation to how the government can step into the shoes of Mr. Berry, a non-defendant, to demand a specific disbursement. Dkt. 137 at 4–5. The court has already addressed this issue in its memorandum and opinion denying the Berrys' motions to quash or modify the writ of garnishment against Mr. Berry's retirement accounts. *See* Dkt. 135

---

[1] The court GRANTS Mrs. Berry's motion (Dkt. 142) to adopt Mr. Berry's filings as to garnishment in Dkts. 137 and 141.

at 6 (citing *United States v. Loftis*, 607 F.3d 173, 178–79 n. 7 (5th Cir. 2010)) . Accordingly, the Berrys' request for findings as to fact and law in relation to this issue is DENIED.

The Berrys also request findings of fact and law in relation to the Berry's 18 U.S.C. § 3664 argument to modify the writ of garnishment. The Berrys additionally request the court address logistical issues raised by Vanguard. Dkt. 137 at 6–7. The court will issue a supplemental order with findings of fact and law in relation to these issues. Accordingly, the Berrys' requests for findings as to arguments related to 18 U.S.C. § 2664 and that the court address logistical issues raised by the garnishee are GRANTED.

### III. CONCLUSION

The Berrys' motion to reconsider is DENIED. The Berrys' request for findings and additional explanation is GRANTED IN PART and DENIED IN PART. It is GRANTED as to the Berrys' arguments related to 18 U.S.C. § 3664 and logistical issues raised by the garnishee. It is otherwise DENIED. The court will issue a supplemental order with findings of fact and law.

Signed at Houston, Texas on January 17, 2019.

Gray H. Miller
Senior United States District Judge