# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-17-385 |
| | § | |
| GWENDOLYN BERRY | § | |

## SUPPLEMENTAL ORDER[1]

Michael Berry is Gwendolyn Berry's husband. Mrs. Berry pled guilty to wire fraud, mail fraud, and making and subscribing a false tax and was ordered to pay restitution. Dkt. 98. On October 16, 2018, the court held a hearing on the government's motion for writ of garnishment. *See* Dkt. 93. The government re-filed its application for writ of garnishment that included Mr. Berry's retirement accounts and the Berrys objected. After considering the arguments at the oral hearing, the objections, the responses, and replies, the court denied the Berrys' objections and requests to modify the writ of garnishment. Dkt. 135. The Berrys seek findings of fact and law in relation to certain issues in the court's memorandum and opinion denying the Berrys' motion to quash the writ of garnishment. The court now enters the following supplemental order which includes findings of fact and conclusions of law.

### A. § 3664 Issue

The Berrys argued that the court should modify the writ of garnishment to alleviate the financial strain on Mr. Berry pursuant to 18 U.S.C. § 3664. Dkt. 125 at 20–21. After the amount of restitution owed to each victim is determined, § 3664(f)(2) directs the court to consider:

> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and

---

[1] This order supplements the court's order on December 17, 2018 (Dkt. 135) to include findings of fact and law and address an additional issue.

(C) any financial obligations of the defendant; including obligations to dependents.

It appears the Berrys rely on the third consideration, as they argued that the court "has the discretion to consider the collateral consequences of not only the defendant but, as in this case, the defendant's dependents which would include Michael Berry." Dkt. 125 at 21. First, the Berrys argue that Mr. Berry will be forced to pay taxes on the disbursement of Mrs. Berry's community property interest because the accounts are in his name and Mr. Berry is a seventy-two year old man with a heart condition. *Id.* at 21–22. Below are the court's findings of fact and conclusions of law in relation to this issue.

### a. Findings of Fact

1. Gwendolyn Berry pled guilty to wire fraud, mail fraud, and making and subscribing a false tax return.

2. Gwendolyn and Michael Berry are married.

3. Michael Berry is Gwendolyn Berry's dependent.

4. Michael Berry is 72 years old, retired, and suffers from health problems.

5. The victims are owed approximately to $1,820,858 in restitution.

6. The Internal Revenue Service is owed approximately $344,368.00 in restitution.

### b. Conclusions of Law

1. The court considered the impact of the writ of garnishment on Mrs. Berry's dependents, which would include Mr. Berry, and was not persuaded that it changed the balance of the equities to modify the writ of garnishment.

### B. Logistical Issues Raised by the Garnishee, Vanguard

In Vanguard's response to the writ, Vanguard stated that to enable access to 50% of Mr. Berry's accounts, it may be necessary to establish new Vanguard accounts in his name to receive that amount. Dkt. 122 at 5. Vanguard specified that to pay over any assets to the United States District

Court, it required an order that identified the account(s), the shares, dollars or percentage of the funds to be redeemed, any federal income tax withholding election for an IRA, and instructions on how, and to whom the checks should be made payable and where the checks should be mailed. *Id.*[2] The Berrys argue that Mr. Berry should have some input related to the disbursement of the funds and it should not be left entirely to Vanguard. Dkt. 137 at 6. Further, the Berrys argue that the lump sum distribution from Vanguard constitutes a "de facto partitioning of the funds" and Vanguard should apply the court's order as if it were a divorce decree and designate the disbursement to be made as Mrs. Berry's property. *Id.* at 7–8. The court finds that Vanguard is best suited to determine the disbursement of the funds as it is familiar with its systems and procedures. Also, because the Berrys are presently still married, the court will not direct Vanguard to treat the disbursement as a partitioning of the funds. The Berrys have not met their burden to have the court fulfill this unusual request.

C. **CONCLUSION**

The Berrys' request that Vanguard treat the disbursement as a partitioning of funds is DENIED. The court will issue an order on the government's pending motion for a final order of garnishment (Dkt. 138).

Signed at Houston, Texas on January 17, 2019.

Gray H. Miller
Senior United States District Judge

---

[2] The government's proposed final order of garnishment complies with all of the garnishee's itemized requirements. *See* Dkt. 138-1.

3